IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHAD K.,[1]                                                    Case No. 3:24-cv-01665-JR

       Plaintiff,                                         OPINION AND ORDER

       v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

RUSSO, Magistrate Judge:

      Plaintiff Chad K. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381–1383f. All parties have consented to allow a Magistrate Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

**BACKGROUND**[2]

Born in May 1986, plaintiff alleges disability beginning March 23, 2022, due to arthritis, depression, left leg nerve damage and lack of mobility, left arm limited mobility, and possible traumatic brain injury or brain damage. Tr. 25, 17, 36, 358. His application was denied initially and upon reconsideration. On October 27, 2023, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 32-49. On February 16, 2024, the ALJ issued a decision finding plaintiff not disabled. Tr. 26. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 1.

**THE ALJ'S FINDINGS**

At step one of the five step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since the March 23, 2022, amended alleged onset date. Tr. 20. At step two, the ALJ determined the following impairments were medically determinable and severe: "degenerative disc disease, status post motor vehicle accident with multiple fractures; status post L5-S3 fusion, status post open reduction and internal fixation of the left femur, status post left radius and ulnar closed reduction, depression, [and] mild neurocognitive disorder." *Id.* At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 21.

//

---

[2] The record before the Court is approximately 800 pages, but with multiple incidences of duplication. Where evidence occurs in the record more than once, the Court will generally cite to the transcript pages on which that information first appears in its entirety.

Because the ALJ did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform light work except:

> he can stand and walk for a combined total of 4 hours and can sit 6 hours in an 8-hour workday; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally reach overhead bilaterally; can frequently reach in all other directions bilaterally; can frequently handle, finger, and feel bilaterally; and should not have concentrated exposure to vibration or hazards; the claimant is limited to simple tasks and occasional public and coworker contact.

Tr. 22.

At step four, the ALJ determined plaintiff is unable to perform his past relevant work. Tr. 25. At step five, the ALJ concluded, based on the VE's testimony, there were a significant number of jobs in the national economy plaintiff could perform despite his impairments, such as office helper, outside deliverer, and mailroom clerk. Tr. 25-26.

## DISCUSSION

Plaintiff argues the ALJ erred by improperly rejecting the medical source opinion of state agency consultant Dr. Susan M. South, PsyD. Plaintiff does not argue the ALJ erred in assessing Dr. South's opinion's persuasiveness but argues the ALJ effectively rejected Dr. South's opinion by not including all the language used by Dr. South in her assessment of plaintiff's limitations.

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ is not required to mirror the exact language of a medical source opinion to properly adopt the opinion, so long as the RFC is consistent with the opinion); *Osborn v. Comm'r Soc. Sec. Admin.*, 2016 WL 6133831, *9 (D. Or. Oct. 19, 2016) ("[a]n ALJ's RFC need not correspond precisely to a physician's limitations; rather,

the ALJ must resolve ambiguities in the record and translate Plaintiff's impairments into concrete functional limitations"). If an ALJ's RFC does not include all of plaintiff's limitations, "we ordinarily must reverse and remand (unless the error was inconsequential)." *Leach v. Kijakazi*, 70 F.4th 1251, 1255 (9th Cir. 2023).

Here, Dr. South assessed plaintiff's mental limitations and concluded plaintiff could "understand, remember and sustain attention for simple, routine work tasks but not detailed or complex ones" and plaintiff was "capable of carrying out and maintaining attention for short and simple tasks but not detailed or complex ones." Tr. 135-36. When formulating plaintiff's RFC, the ALJ found Dr. South's opinion persuasive and limited plaintiff to "simple tasks." Tr. 24, 22. The RFC is inconsistent with Dr. South's opinion because it fails to include plaintiff's limitations to "short" tasks as opined by Dr. South. Tr. 22, 135-36.

A limitation to 'simple tasks' instead of 'short and simple tasks' is consequential because it may determine what job plaintiff is capable of performing. The Dictionary of Occupational Titles ("DOT") assigns every job a "reasoning development" level ranging from Level One (simplest) to Level Six (most complex). DOT, App. C, § III, 1991 WL 688702 (4th ed. 1991). A level-one reasoning job requires that an individual "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job" while a level-two job requires an individual "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id.* Significantly, level-one jobs limit plaintiff to carrying out "simple one- or two-step instructions," while level-two jobs require plaintiff follow "detailed but uninvolved" instructions, without limiting the length of instruction. *Id*; *see Leach*, 70 F.4th at 1257 ("A level-two job with

"detailed but uninvolved . . . instructions" could require an employee to follow <u>lengthy</u> simple instructions.")

Here, the ALJ failed to include plaintiff's limitation to 'short' instructions both in plaintiff's RFC and in the hypothetical the ALJ provided to the VE. When an ALJ's hypothetical question to a VE inaccurately describes plaintiff's limitations, "'the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)). At plaintiff's hearing, the ALJ provided the VE with a hypothetical individual with a limitation to "simple tasks," but not 'short' simple tasks. Tr. 45. Responding to the ALJ's hypothetical, the VE provided three jobs compatible with the given hypothetical limitations with reasoning level-two or higher. Tr. 46. Because reasoning level-two jobs may require the ability to follow more than 'short' instructions – conflicting with plaintiff's limitation to "short and simple instructions" – the ALJ's error was not harmless. Tr. 135-36.

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1176-78 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1090-1100 (9th Cir. 2014). The court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence improperly rejected by the ALJ to determine whether a claimant is disabled. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011); *see also Dominguez*

*v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

As discussed herein, the ALJ committed harmful legal error by failing to incorporate all of plaintiff's limitations in plaintiff's RFC and the hypothetical posed to the VE. Without an accurate RFC and corresponding hypotheticals, there is insufficient evidence to find whether plaintiff was disabled during the relevant dates. *See Strauss*, 635 F.3d at 1138 (ALJ's reversible error did not warrant award of social security disability benefits, absent an affirmative finding claimant was, in fact, disabled).

As such, further proceedings are required to resolve this case. *See Treichler*, 775 F.3d at 1099 (except in "rare circumstances," the proper remedy upon a finding of harmful error is to remand for further administrative proceedings). Therefore, upon remand, the ALJ must reweigh the medical and other evidence of record, reformulate plaintiff's RFC, and obtain additional VE testimony.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 4th day of August, 2025.


_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge